UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)
16-cv-62593

ONURALP ALATAN, individually,

    Plaintiff,

v.

PROMAX, LLC, a
Florida limited liability company,
SANIYE CAKIR, individually,
and UGUR UNAL, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ONURALP ALATAN ("Mr. Alatan" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants, PROMAX, LLC ("Promax"), SANIYE CAKIR ("Ms. Cakir"), and UGUR UNAL ("Mr. Unal")(collectively the "Defendants") and as grounds therefore states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA"), and Article X, § 24 of the Florida Constitution.

### JURISDICTION

2. This Court had jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. At all times pertinent to this Complaint, the corporate Defendant, Promax,

was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity with the Southern District of Florida.

4. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

5. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

   b. Defendants are, and continue to be, a corporation and individuals doing business within this judicial district.

## PARTIES

6. At all times material hereto, Plaintiff, ONURALP ALATAN, was and continues to be a resident of Aventura, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

7. At all times material hereto, Defendants, Promax, Ms. Cakir, and Mr. Unal were the employers of Plaintiff.

8. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

9. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

10. At all times material hereto, the corporate Defendant, Promax was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all times material hereto, the work performed by Plaintiff, Mr. Alatan, was directly essential to the business performed by Defendants.

12. At all times material hereto, Defendants, Ms. Cakir and Mr. Unal, supervised the work of Plaintiff, and/or were involved in the day to day operations of the Defendant Promax.

13. At all times material hereto, Defendants, Ms. Cakir and Mr. Unal, were directly involved in the decision making process that affected employee compensation and/or hours worked by Plaintiff.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. In January, 2016, Plaintiff, Mr. Alatan, began working for Defendants as a waiter at Defendants' restaurant, A La Turca (the "Restaurant").

16. During Mr. Alatan's employment as a waiter he was paid in cash tips, which the Restaurant unlawfully availed itself to a "tip credit" against.

17. Further, during Mr. Alatan's employment as a waiter he was paid below the acceptable minimum wage, often worked over forty (40) hours per week, and was not paid the standard time and one-half overtime wage.

18. Thereafter, in or about March, 2016, Plaintiff began working as a cook at the Restaurant.

19. Defendants paid Plaintiff an hourly rate of $9.50 per hour as a cook, however, throughout Plaintiff's employment as a cook he often worked in excess of forty (40) hours per week and received no overtime wage compensation.

20. Moreover, when Plaintiff voiced a complaint about his unpaid wages to Mr. Unal, as a direct and proximate result of his comments, Plaintiff was violently punched in the face by Mr. Unal and then terminated from his employment.

21. When Mr. Alatan was fired he had approximately $1,000.00 worth of wages owed to him by Defendants, which as of the date of filing this Complaint have yet to be paid.

22. Plaintiff has retained the undersigned to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

Plaintiff realleges Paragraphs 1 through 22 of this Complaint as if fully stated herein.

23. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal work week, Plaintiff worked additional hours in excess of forty (40) hours per week for which he was not compensated at the statutory rate of time and one-half.

24. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff, and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this

case and, if necessary, they will then seek leave of Court to amend their Complaint for Damages to set forth the precise amount due them.

27.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, Mr. Alatan, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

28.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

29.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, Mr. Alatan, is entitled to liquidated damages pursuant to the FLSA.

30.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, Mr. Alatan, has suffered damages in the form of unpaid overtime wages, plus an equal amount as liquidated damages.

31.     Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, ONURALP ALATAN, respectfully requests that judgment be entered in favor against the Defendants declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207; awarding Plaintiff overtime compensation in the amount calculated; awarding Plaintiff liquidated damages in the amount calculated; awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); awarding Plaintiff post-judgment interest; and ordering any other and further relief this Court deems to be just and proper.

## COUNT II
## UNPAID MINIMUM WAGES
## ARTICLE X, § 24, FLORIDA CONSTITUION & FLORIDA STATUTE § 448.110.

Plaintiff realleges Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

32.     This Count is brought pursuant to the Florida Minimum Wage Amendment, Article X, Section 24 of the Florida Constitution and Section 448.110. of the Florida Statutes.

33.     During his employment as a waiter, pursuant to Florida law, Plaintiff was entitled to the Florida minimum wage for each hour he worked for Defendants.

34.     Defendants failed to pay Plaintiff the applicable minimum wage for each hour he worked as a waiter, in violation of Article X, § 24 of the Florida Constitution and Fla. Stat. § 448.110.

35.     Defendants paid Plaintiff less than the Florida minimum wage.

36.     Pursuant to Article X, § 24 of the Florida Constitution and Fla. Stat. § 448.110, Plaintiff is entitled to the full minimum wage for each hour worked, an equal amount of liquidated damages, equitable relief, as well as their attorneys' fees and costs.

WHEREFORE, Plaintiff requests judgment against Defendants for unpaid minimum wages, liquidated damages, equitable relief, post-judgment interest, together with costs of suit and reasonable attorney's fees, and such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

Plaintiff realleges Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

37.     Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

38.     29 U.S.C. § 206 requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

39. Plaintiff worked hours for the Defendants for which he was paid below the FLSA statutory minimum wage, and for many hours, Plaintiff was paid no wage at all.

40. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff requests judgment against Defendants for unpaid minimum wages, liquidated damages, equitable relief, post-judgment interest, together with costs of suit and reasonable attorney's fees, and such other and further relief as the Court may deem proper.

## COUNT IV
## RETALIATORY DISCHARGE

Plaintiff realleges Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

41. In or about June, 2016, Plaintiff, Mr. Alatan, voiced grievances concerning his unpaid wages to Defendant, Mr. Unal.

42. Immediately thereafter, Defendant, Mr. Unal, punched Plaintiff in the face and discharged Plaintiff from his employment.

43. The motivating factor which caused Mr. Alatans's discharge as described above was because Mr. Alatan voiced a complaint over unpaid wages. In other words, Mr. Alatan would not have been fired but for his complaint seeking reimbursement for unpaid overtime.

44. Mr. Alatan's termination was in direct violation of 29 U.S.C. § 215, and, as a direct result, Mr. Alatan has been damages.

WHEREFORE, Plaintiff demands judgment against Defendants awarding Plaintiff such legal and/or equitable relief that will effectuate the purpose of the FLSA, including, but not limited to, back pay and prejudgment interest, front pay, liquidated damages, reasonable attorney's fees, along with court costs, witness fees, pecuniary and non-pecuniary compensatory damages, and other miscellaneous costs of litigation, and any other relief this Court finds will be reasonable.

## COUNT V
## CIVIL BATTERY

Plaintiff reallges Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

45.     This is an action against Defendant, Mr. Unal for civil battery.

46.     As more fully detailed above, Mr. Unal intentionally and offensively touched Plaintiff when he violently punched Plaintiff in the face.

47.     As a direct and proximate result of Mr. Unal's violent attack on Plaintiff, Plaintiff sustained physical injuries, suffered mental pain and suffering, psychological injuries, and tremendous embarrassment.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, costs, and interest and for such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFFS demand a trial by jury as to all issues triable as of right by jury.

DATED this 1st day of November, 2016.

Respectfully submitted,

**SALPETER GITKIN, LLP**

By:     /s/ Joseph H. Rose
        Joseph H. Rose, Esq.
        Fla. Bar No.:  56970
        joe@salpetergitkin.com
        One East Broward Boulevard -Suite 1500
        Fort Lauderdale, Florida 33301
        Telephone:  (954) 467-8622
        Facsimile:  (954) 467-8623
        *Attorneys for Plaintiff*